IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PST Innovations, LLC | ) |
| | ) Case No. 23-cv-317 |
| v. | ) |
| | ) Judge: Hon. Robert W. Gettleman |
| THE PARTNERSHIPS and | ) |
| UNINCORPORATED ASSOCIATIONS | ) Magistrate: Hon. Jeffrey T. Gilbert |
| Hon. IDENTIFIED ON SCHEDULE A | ) |
| | ) |

**FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff, PST Innovations, LLC ("PST") against the defendants operating the websites/webstores identified on Schedule "A" to Plaintiff's Complaint (collectively, the "Infringing Webstores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants not already dismissed, identified in Appendix "A" (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff a temporary restraining order and preliminary injunction against Defaulting Defendants;

Plaintiff having properly completed service of process on Defaulting Defendants, providing notice via e-mail, along with any notice that Defaulting Defendants received from the ecommerce platforms, hosts, and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Infringing Websites through which Illinois residents can purchase products bearing counterfeit versions of ONE SECOND NEEDLE, SPIRAL EYE, and THE NEEDLE LADY Marks (U.S. Reg. Nos. 6247443, 3670314, 5571656) (collectively, the "Mark" or "Marks").

The registration is valid, unrevoked, and uncancelled. Defendants use the mark and display images protected by trademark and copyright on the infringing websites without Plaintiff's permission or consent.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. using the ONE SECOND NEEDLE trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing,

advertising, offering for sale, or sale of any product that is not a genuine PST product or not authorized by Plaintiff to be sold in connection with the ONE SECOND NEEDLE Trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PST product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of PST and approved by Plaintiff for sale under the ONE SECOND NEEDLE Trademark;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of PST, or are sponsored by, approved by, or otherwise connected with PST;

d. further infringing the ONE SECOND NEEDLE trademark and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the ONE SECOND NEEDLE trademark, or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the infringing webstores, websites, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

h. operating and/or hosting infringing webstores, websites and any other domain names registered or operated by Defendants that are involved with the distribution, marketing,

> advertising, offering for sale, or sale of any product bearing the ONE SECOND NEEDLE trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine PST product or not authorized by PST to be sold in connection with the ONE SECOND NEEDLE trademark;
>
> i. registering any additional stores, websites, or domain names that use or incorporate any of the ONE SECOND NEEDLE trademark; and
>
> j. using images covered by the PLAINTIFF's Copyrights or any of PLAINTIFF's original photographs that PST uses to advertise the sale of original PST products.

2. Those in privity with Defaulting Defendants and with actual notice of this Order, including ecommerce platform providers, such as Alibaba, Ali-Express, Amazon, eBay, Wish, etc., shall within three (3) business days of receipt of this Order:

> a. disable and cease providing services for any accounts through which Defaulting Defendants, in the past, currently or in the future, engage in the sale of goods using the ONE SECOND NEEDLE Trademarks, including, but not limited to, any accounts associated with the Defaulting Defendants listed on Schedule "A" not dismissed from this action; and
>
> b. disable any account linked to Defaulting Defendants, linked to any e-mail addresses used by Defaulting Defendants, or linked to any of the Infringing webstores/websites.

Pursuant to 15 U.S.C. § 1117(c)(1), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of Two-Hundred and Fifty Thousand Dollars (U.S.) and No Cents ($250,000.00) for using counterfeit ONE SECOND NEEDLE Trademarks on products sold through at least the Infringing webstores/websites. As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of statutory damages against it:

a. Alibaba, Ali-Express, Amazon, eBay, Wish (collectively the "Platforms") and PayPal, Payoneer, WorldFirst, World First Asia Limited, World First Markets Limited, World First USA, Inc., Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram, Western Union and any of their subsidiaries (collectively the "Payment Processors") shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Infringing webstores/websites identified in Schedule "A", except those dismissed, from transferring or disposing of any money or other of Defaulting Defendants' assets.

b. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by the Platforms or the Payment Processors are hereby released to Plaintiff as partial payment of the above-identified damages, and are ordered to release to Plaintiff the amounts from Defaulting Defendants' Platform or Payment Processor accounts within ten (10) business days of receipt of this Order.

c. Plaintiff shall have the ongoing authority to serve this Order on the Platforms or the Payment Processors in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Platforms or the Payment Processors shall within five (5) business days:

  i. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Infringing webstores/websites, including, but not limited to, any accounts connected to the information listed in Schedule "A" of the Complaint, the e-mail addresses identified in Exhibit 1 to the Declaration of David Gulbransen, and any e-mail addresses provided for Defaulting Defendants by third parties;

    ii. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    iii. Release all monies restrained in Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

4. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within five (5) business days:

    a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Infringing webstores/websites, including, but not limited to, any accounts connected to the information listed in Schedule "A" of the Complaint, the e-mail addresses identified in Exhibit 1 to the Declaration of David Gulbransen, and any e-mail addresses provided for Defaulting Defendants by third parties;

    b. Restrain and enjoin such accounts or funds from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. Release all monies restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

5. In the event that Plaintiff identifies any additional webstores, websites, domain names or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any

supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibits 1 to the Declaration of David Gulbransen and any e-mail addresses provided for Defaulting Defendants by third parties.

**IT IS SO ORDERED.**

Dated: April 14, 2023

U.S. District Court Judge Robert W. Gettleman

Appendix A

| Doe | Store Name | Merchant ID |
|---|---|---|
| 1 | Shijiazhuang Aijia Crafts Co., Ltd. | aijiacrafts |
| 3 | Ningbo Jiangdong Mi Tuo Trading Company Limited | nbtopgear |
| 4 | westslopo Store | 1101768917 |
| 6 | gongma | A121ENH06UHSAA |
| 8 | camerony | A1B0X85N6I1AKJ |
| 9 | fexi | A1FHVZIQ2U3YAU |
| 10 | bablue | A1NOJZE6DCC2HW |
| 11 | HongHuShiZhenJingShengDianZiShangWuYouXianGongSi | A1SCQ2YILEIP4D |
| 12 | shuangfanjinchukougongsi | A1T81VRWBMC9X0 |
| 13 | Shalem Accessories | A1VE9BDTRK4I3C |
| 14 | Sunseek | A1YBCT0ZW4YMK9 |
| 15 | Doit UK | A1YOASMRTICEPY |
| 16 | kathere | A28LLO227WUF4X |
| 17 | lilykma | A28Z899Z59OTM4 |
| 18 | MyTRADE | A2FDNT3KOHDNL |
| 19 | Mengliu Shop | A2JCH2UDGPJT4G |
| 21 | INDIGLOBAL_SHOP | A2RSD1EKBT5JT4 |
| 22 | KLYNGTSK | A2U3QWH658ACFL |
| 23 | liqinriyongpin | A35RTAFZBDDX7D |
| 24 | xiamenhaiyiyue | A3BFFR17L72H3M |
| 25 | feiziemaoyi | A3BT7TH7OQGV4L |
| 26 | duilianshangwuzixun | A3LOIJRLKE3NQ6 |
| 27 | Fujian A Zhu Touzi Youxian Gongsi | A3LUVZEWEAHN9G |
| 28 | anhailang | A3OGWJ0KW68AD4 |
| 29 | TWMALL | AA3CT73AF0V0D |
| 31 | JiuPiLan | AG21LH1X1G8QX |
| 33 | SUperuing | AOL1Q3MFCD0LX |
| 34 | wazai | AZDMXDR4G0LIB |
| 35 | 3c.im-89 | 3c.im-89 |
| 36 | bigbigau | bigbigau |
| 39 | cife-gmail | cife-gmail |
| 45 | rachmayunp_0 | rachmayunp_0 |
| 46 | rachmin84 | rachmin84 |
| 47 | tarawynn | tarawynn |
| 49 | xrongrong | xrongrong |

8

| 50 | YG-Grocery | 5d22b8716ecda80301f6eaf9 |
|---|---|---|
| 51 | MINSHI Healthy | 621328eb56146141d4ec5601 |
| 52 | DH-HOME OFFICIAL STORE | DH-Home-official-store |
| 53 | craftscapitol | craftscapitol.com |
| 54 | directtalentsolutions | directtalentsolutions.com |
| 55 | magicgoshop | www.magicgoshop.com |
| 56 | rialayinternational | www.rialayinternational.com |
| 57 | Bojue | 101109216 |
| 58 | Fushanshiaidierheerwangluokejiyouxiangongsi | 101114754 |
| 62 | youhuihuang | 566953afe5ca914317e66c16 |
| 63 | zini | 57c4f3ca55b3021c9c404a6f |
| 64 | yanligang | 58553fb3e7685f546030fc32 |
| 65 | chongxinkaishi410 | 58eb363ebef1c30fa5024d77 |
| 66 | sugendsvay | 5aba556abeed1248e7a40fc5 |
| 67 | huanglihuasimimada | 5af9448e3beec119f4e345a9 |
| 68 | sanmujiaju | 5b72690798a75027a540fc35 |
| 69 | liyuan552 | 5d4f7c2b4115da40b2010409 |
| 70 | cublthero | 5e14375b3d3347044c6738de |
| 71 | stay hurricanes | 5eba990c5210119420ab4a78 |
| 72 | Beach Life Of Miami | 6167f4e33b117966b4fda3d3 |
| 73 | Corresponsalth | 617087c5b0f8008d38e6efd1 |

9